IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 92-30065-001 |
| ) | |
| MICHAEL E. THOMPSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Michael E. Thompson's Amended Motion for Compassionate Release (d/e 43) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

On August 30, 1993, Defendant Michael Thompson was sentenced to 216 months' imprisonment for conspiracy to distribute cocaine. On December 12, 2003, Defendant began his term of supervised release. However, a petition to revoke his supervised release was filed and new federal charges were brought against

Defendant.

On June 5, 2008, Defendant Michael Thompson pled guilty to Counts 1 through 5 and 7 of the Second Superseding Indictment in the new federal case, case no. 07-cr-30065.  Count 1 charged Defendant with knowingly and intentionally conspiring to distribute 5 kilograms or more of a mixture containing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  Count 2 through 5 charged Defendant with money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  Count 7 charged Defendant with structuring in violation of 31 U.S.C. §§ 5324(b)(1) and (d)(1) and 18 U.S.C. § 2.

On May 11, 2009, Defendant was sentenced to 240 months' imprisonment on Count 1, 235 months' imprisonment on Counts 2 through 5, and 60 months' imprisonment on Count 7 to run concurrently with each other and consecutively to any sentence imposed in this case.  Defendant was also sentenced to a 10-year term of supervised release.

On the same day, Defendant's supervised release was revoked in this case for violating a mandatory condition by committing conspiracy to distribute cocaine and money laundering.  Defendant was sentenced to 46 months' imprisonment to run consecutive to

the sentence imposed in case no. 07-cr-30010-001.  Defendant did not receive any additional term of supervised release.

Defendant is currently serving his sentence in USP Thomson.  He has a projected release date of June 13, 2027.  As of June 23, 2020, USP Thomson has 2 active COVID-19 cases.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed June 23, 2020).

On May 27, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 38.  On June 5, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 43.  Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic.  Defendant is a 51-year-old African American male who has been diagnosed with the sickle cell trait.  Defendant also argues that he has met the 30-day statutory exhaustion requirement found in 18 U.S.C. § 3582(c)(1)(A) because he submitted a request to the warden of his BOP facility on April 4, 2020, but has not received a response back.  Regardless, Defendant argues that the Court should waive the prerequisites for defendant

filing such a motion as he is at risk for serious and imminent harm.

On June 9, 2020, the Government filed a response opposing Defendant's motion.  See d/e 45.  The Government argues that the Court lacks the authority to grant Defendant's motion because Defendant has not exhausted his administrative rights with the Bureau of Prisons (BOP) or waited 30 days from the time a request to BOP regarding a motion for compassionate release was made.  The Government also argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction.

On June 19 and 23, 2020, the Court held a video conference hearing on Defendant's motion, at which the Court spoke to Defendant Thompson and his BOP case manager and heard oral arguments from counsel.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic. That does not mean the Court will waive the exhaustion requirements in all cases. The decision must be made on a case-by-case basis.

In this case, Defendant argues that he submitted a request to the warden of USP Thomson. See Amended Motion, d/e 43. However, the Government disputes this as USP Thomson alleges it has no record of receiving said request. See Response, d/e 45. It's possible that the request may have been lost or BOP has simply not reviewed the request due to the constraints and limitations created by the pandemic. The Court finds credible Defendant's representation that he submitted a request to the warden. Regardless, the Court excuses the requirement to exhaust Defendant's administrative remedies or meet the 30 days requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court begins with the factors set out in 18 U.S.C. § 3553(a).  Defendant Thompson is currently serving a combined 240-month term of imprisonment for conspiracy to distribute a controlled substance, 4 counts of money laundering, and one count of structuring in case no. 07-cr-30010 and a consecutive 46-month term of imprisonment after being revoked on his term of supervised release in this case.  In total, Defendant Thompson was sentenced to 286 months' imprisonment.  Defendant Thompson has been in custody for 160 months, over 13 years, for his crimes.  Defendant Thompson has not been convicted of a violent crime.  Since being incarcerated, Defendant Thompson has completed dozens of rehabilitation programs and classes.  See Pro Se Motion, d/e 38, p. 14.  He has not committed any disciplinary actions since 2017.  BOP has classified Defendant Thompson as minimum security, and he has been placed at the minimum-security satellite camp at USP Thomson.  The Court has reconsidered the factors in § 3553(a) and concludes that they entitle Defendant to compassionate release.

The Court must also consider whether "extraordinary and compelling reasons warrant such a reduction" and is "consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(1)(A).

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison.

While USP Thomson currently has only two active COVID-19 cases, it is possible, and realistically likely, that COVID-19 will spread further in the prison. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed June 23, 2020). For example, on June 23, 2020, the Bureau of Prisons reported that it had 1,346 inmate and 172 staff confirmed COVID-19 active cases. As of that date, 4,955 inmates and 516 staff had recovered from COVID-19. However, 87 federal inmates and 1 staff member have died from COVID-19. See id.

Defendant is a 51-year-old African American male who has been incarcerated for most of his adult life. His projected release date is June 13, 2027. Defendant has been diagnosed with the

sickle cell trait and is considered clinically obese as he is 5'6" tall and 190 lbs.  See Adult BMI Calculator, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last accessed June 23, 2020).  Individuals with the sickle cell trait may experience harmful complications from low oxygen levels in the air, dehydration, high altitudes, and increased pressure it he atmosphere.  See Sickle Cell Trait, CDC, https://www.cdc.gov/ncbddd/sicklecell/traits.html (last accessed June 23, 2020).  Therefore, it is conceivable that a person with the sickle cell trait may experience serious complications if diagnosed with COVID-19.  Defendant Thompson also suffers from serious back injuries, previous drug addictions, and obesity.

All of these factors increase the serious risks of COVID-19 for Defendant.  See Health Alert for People with Sickle Cell Disease and their Caregivers, Sickle Cell Disease Association of America, Inc., https://www.sicklecelldisease.org/2020/03/17/health-alert-for-patients-and-caregivers/ (last accessed June 23, 2020) ("The potential health risk posed by COVID-19 for people with SCD is a real concern."); People at Higher Risk, CDC,

Page **9** of **12**

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed June 23, 2020) ("People with severe obesity (body mass index [BMI] of 40 or higher."); Racial and Ethnic Minority Groups, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/racial-ethnic-minorities.html (last accessed June 23, 2020) ("Racial and ethnic minority groups are over-represented in jails, prisons, and detention centers, which have specific risks due to congregate living, shared food service, and more.").  Therefore, the Court finds that extraordinary and compelling reasons exist that warrant a reduction in Defendant Thompson's sentence.

      The Court also considers whether Defendant is a danger to the safety of any other person or to the community.  See U.S.S.G. § 1B1.13.[1]  If Defendant quarantines himself at his new place of residence away from any other household members, that will diminish the risk of spreading the virus.  Otherwise, the Court does not find that Defendant poses a danger to the community.

---

[1] Section 1B1.13 of the Sentencing Guidelines has not been amended to reflect the First Step Act's amendment to 18 U.S.C. § 3582(c)(1)(A).  As it stands, § 1B1.13 refers to a reduction "upon the motion of the Director of the Bureau of Prisoners."  No policy statement provides guidance for when a defendant files a motion.  Nevertheless, the Court considers § 1B1.13.

The Court, taking all the relevant facts into account, finds that Defendant has established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment, and the Court finds that compassionate release is appropriate in this case.

### III. CONCLUSION

For the reasons set forth above, Defendant Thompson's motion for compassionate release (d/e 43) is GRANTED.  The Court DENIES as MOOT the pro se motion (d/e 38) filed by Defendant Thompson.  The Court hereby reduces Defendant Thompson's term of imprisonment from 46 months of imprisonment to one day to be served consecutive to the sentence imposed in case no. 07-cr-30010.

The Bureau of Prisons is ORDERED to release Defendant within 48 hours of BOP receiving a negative COVID-19 test.[2]  The Clerk is DIRECTED to send a copy of this Opinion to the Bureau of Prisons.

---

[2] On June 23, 2020, the Court entered a text order directing the Bureau of Prisons to administer a COVID-19 test to Mr. Thompson within 24 hours.

ENTER:  June 25, 2020

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE